IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ESPINO TIRE & WHEEL, INC., a Texas corporation,<br><br>Plaintiff,<br><br>v.<br><br>ESPINO TIRE & AUTO CENTER, INC., a Texas corporation,<br><br>Defendant. | Civil Action No. 5:25-cv-00710<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFFS' ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Plaintiff Espino Tire & Wheel, Inc. ("Espino Tire" or "Plaintiff") files this Original Complaint against Defendant Espino Tire & Auto Center, Inc. ("ETAC" or "Defendant"), and in support thereof alleges the following:

**NATURE OF ACTION**

1. This is an action for unfair competition and false designation of origin pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). This is also an action for common law trademark infringement under Texas law in which Plaintiff seeks injunctive relief, monetary damages, and attorney's fees.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 15 U.S.C. §§ 1121, 1125 and 28 U.S.C. § 1338. This Court also enjoys jurisdiction over related state law claims pursuant to 28 U.S.C. §§ 1338(b) and 1367.

3. This Court also enjoys personal jurisdiction over Defendant because Defendant is

1

providing services that infringe Plaintiff's trademark in the State of Texas and the Western District of Texas.

4. Venue is proper in this District under 28 U.S.C. § 1391 as a substantial number of events giving rise to the claim occurred in this district, including customer confusion. Defendant operates a place of business in this District and continues to conduct business in and engage in infringement of Plaintiff's trademark within this District.

## PARTIES

5. Plaintiff Espino Tire & Wheel, Inc. is a Texas corporation having a principal place of business at 7046 San Pedro Ave., San Antonio, Texas 78216.

6. Defendant Espino Tire & Auto Center, Inc. is a Texas corporation having a principal place of business at 603 W. Highway 83, Pharr, Texas 78577. Defendant ETAC may be served by serving its registered agent Hector Espino at 603 W. Highway 83, Pharr, Texas 78577, or wherever he may be found.

## STATEMENT OF FACTS

*Plaintiff's owners, business, and marks*

7. Espino Tire owns trademark rights in and to the trademarks ESPINO, ESPINO TIRE & WHEEL, and ESPINO TIRE & WHEEL & Design ( ) ("Logo") (collectively, the "Espino Marks"). Espino Tire specializes in tires, wheels, lift kits, drop kits, accessories and related products. Some variation of the Espino Marks have been continuously used in commerce since the 80's.

*Origins in the Rio Grande Valley*

8. The "Espino" mark was first used in commerce for wheels and tires in the Rio

Grande Valley of South Texas (the "Valley")[1] by Reynaldo Espino, Sr.

9. Reynaldo Espino Sr. opened Llantas Espino[2] in McAllen, TX in the mid 1980s. His son, Reynaldo Espino, Jr., was an integral part of the family business.

10. Over the course of almost two decades of providing quality products and services to its customers, Espino Tire grew into a commercially successful business in the Valley.

11. Over time, Reynaldo Espino, Jr. took over control of the business.

*Expansion to San Antonio*

12. In 1999, Reynaldo Espino, Jr. moved from the Valley to San Antonio and opened up an Espino Tire location in San Antonio. Reynaldo Espino, Jr. adopted and begin using the Logo on September 1, 2021. Since 1999, Reynaldo Espino, Jr. and/or his companies have continuously used the Espino Marks in San Antonio, with the addition of the Logo in 2021.

13. On January 5, 2000, Reynaldo Espino, Jr. obtained a Certificate of Occupancy to conduct business in San Antonio in retail sale of tires and wheels, a true and correct copy of which is attached hereto as **Exhibit 1**.

14. In September of the following year, Reynaldo Espino, Jr. launched his website, www.espinotireandwheel.com. The home page currently appears as:

---

[1] The Valley is "a region spanning the border of Texas and Mexico located in a floodplain of the Rio Grande near its mouth…. The region includes the southernmost tip of South Texas and a portion of northern Tamaulipas, Mexico. It consists of the Brownsville, Harlingen, Weslaco, Donna, Pharr, McAllen, Edinburg, Mission, San Juan, and Rio Grande City metropolitan areas in the United States and the Matamoros, Río Bravo, and Reynosa metropolitan areas in Mexico." *See*, https://en.wikipedia.org/wiki/Lower_Rio_Grande_Valley (internal citation omitted) (last accessed June 23, 2025).
[2] "Llantas Espino" translates to "Espino Tires."



A true and correct copy of excerpts of Plaintiff's website are attached hereto as **Exhibit 2**.

15. In 2003, Reynaldo Espino, Jr. incorporated his business. The name of the business is Espino Tire & Wheel, Inc., the named Plaintiff in this action.

16. For more than 25 years, Plaintiff (and Plaintiff alone) has provided quality tire, wheel and related products and services to its customers in San Antonio and the surrounding areas under the Espino Marks.

17. Plaintiff promotes and continues to promote its Espino Marks through extensive advertising.

18. Plaintiff advertises its business in a variety of platforms, including, but not limited to, the Yellow Pages, the Internet and through social media, including Facebook, Instagram, and X (formerly Twitter).

19. Plaintiff's customers include the general public that need to purchase new tires periodically to maintain their vehicles.

20. Plaintiff's customers also include the motor enthusiast who enjoys making aesthetically pleasing modifications to their vehicles, whether it be with a new set of custom wheels (or rims), different types of tires, the installation of a lift or a drop or the addition of other automotive accessories and related products.

21. Plaintiff has continuously advertised its business to the public and has received national and local recognition for its service. For example, in 2004, Plaintiff attended a Las Vegas convention held by the Specialty Equipment Market Association (SEMA). An article in the "Tire Business" newspaper followed afterwards. The article featured a picture of Reynaldo Espino, Jr. and described the business. A true and correct excerpt (front page) of the "Tire Business" newspaper is attached hereto as **Exhibit 3**.

22. Over the years, Plaintiff has won numerous awards, including receiving special recognition as a "Premier Service Company" by the City of San Antonio.

23. As a result of such advertising and of providing quality products and services, Plaintiff has developed valuable goodwill in its marks in connection with its tire and automotive services and related products.

24. Plaintiff's Espino Marks are well known and famous trademarks widely recognized by the general public in connection with Plaintiff's tire and automotive services and related products.

25. In 2009, Reynaldo Espino Sr. (father) sold two of the Espino Tire locations in the Valley to Reynaldo Espino, Jr. Plaintiff now has locations both in the Valley and in San Antonio.

26. Plaintiff enjoys a prominent reputation in the tire and automotive industry. Its strong presence in Texas is firmly established through its long history of extensive and continuous use of its Espino Marks.

27. Plaintiff has made substantial investments in running and operating its business. Through Espino Tire's competitive prices and state-of-the-art machinery, Plaintiff provides reliable, safe and thorough tire and auto services to its customers. This is the reason why its customers keep coming back.

***Defendant***

28. On information and belief, in the late 80s, Defendant's predecessor, Jesus Espino (Reynaldo Espino Sr.'s cousin), was living in Pharr, TX. Jesus Espino started running car lots and doing automotive work, primarily passing vehicle inspections.

29. On information and belief, in or around 1993, Jesus Espino started selling tires using a confusingly similar variation of Plaintiff's Espino Tire & Wheel name and mark for its own business, calling his business "Espino's Tires."

30. At the time Mr. Jesus Espino started selling tires using the ESPINO trademark, Plaintiff's predecessor had already established the ESPINO brand in the tire industry. This resulted in the two families becoming bitter competitors.

31. A comparison of Defendant's use of ESPINO'S TIRES & AUTO CENTER and Plaintiff's ESPINO TIRE & WHEEL marks evidences the confusingly similar marks being used by both parties for identical goods and services.

32. Hector Espino was Jesus Espino's son. Hector Espino has since passed away.

33. Upon information and belief, Hector Espino's son, Hector Espino, Jr., now owns Defendant.

34. Defendant's customers include the general public that need to purchase new tires periodically to maintain their vehicles.

35. Defendant's customers also include the motor enthusiast who enjoys making

aesthetically pleasing modifications to their vehicles, whether it be with a new set of custom wheels (or rims), different types of tires, the installation of a lift or a drop or the addition of other automotive accessories and related products.

36. While the parties have coexisted in the Valley, the coexistence has led to confusion amongst consumers in the Valley as to an affiliation between Plaintiff and Defendant.

37. Defendant's corporate status was forfeited on August 3, 2018 for failure to comply with its tax obligations.

### *Defendant Expands to San Antonio*

38. On or about December 2024, Plaintiff discovered that Defendant was planning to open up an ESPINO'S TIRES location in San Antonio.

39. On January 27, 2025, Plaintiff sent a letter to Defendant objecting to Defendant's use of the confusingly similar ESPINO'S TIRES & AUTO CENTER name for a new shop Defendant intended to open in San Antonio. A true and correct copy of Plaintiff's letter is attached hereto as **Exhibit 4**.

40. On or about February 4, 2025, despite Defendant's receipt of Plaintiff's cease and desist letter and acknowledging Plaintiff's objection to Defendant's use of the confusingly similar ESPINO'S TIRES & AUTO CENTER name for its new shop in San Antonio, Defendant proceeded to open its shop under ESPINO'S TIRES & AUTO CENTER.

41. Defendant advertises its business under the confusingly similar "Espino's Tires & Auto Center" on its website:



42. Upon information and belief, Defendant also advertises its business on and through social media, including Facebook, Instagram, and X (formerly Twitter).

***Plaintiff has superior trademark rights in San Antonio***

43. Since 1999, Plaintiff has exclusively used the ESPINO and/or ESPINO TIRE name and mark in connection with tire and automotive services in San Antonio and the surrounding areas.

44. Plaintiff has already put forth efforts to expand its business further to the surrounding areas beyond San Antonio, including Austin, Texas.

45. On or about December 2024, Plaintiff discovered that Defendant was planning to open a tire and automative shop in San Antonio under the name ESPINO TIRE.

46. There have already been several instances of actual confusion since Defendant first announced it was opening a store in San Antonio.

*The Parties use similar advertising media*

47. Both parties promote their services using their respective websites.

48. Plaintiff uses its Espino Marks to promote its business via the website https://www.espinotireandwheel.com.

49. Defendant uses the Espino Tire mark to promote its business via the website and https://www.espinostires.com/.

50. Both parties promote their services using social media.

51. Plaintiff uses its Espino Mark to promote its goods and services via the social media platforms Facebook (www.facebook.com/espinotireandwheel), Instagram (@espinotireandwheel), YouTube (@espinotireandwheel), and TikTok (@espinotireandwheel).

52. Defendant uses the Espino Tire mark to promote its good and services via the social media platforms Facebook (www.facebook.com/espinostiresautocenter), Instagram (@espinotiresofficial), YouTube (@EspinosTiresAutoCenter), and TikTok (@espinostiresautocenter).

53. The substance of the content both parties post on social media is similar. Namely, both parties primarily post photos and videos of cars/trucks they have worked on.

54. Based on information and belief, the similarity in the parties' social media content and overlap in followers has resulted in social media platforms identifying the parties' social media accounts as "related." For example, Plaintiff promotes its tire and automotive business on Instagram:



55. As shown above, Plaintiff's Instagram page shows Defendant's Instagram thumbnail page identified as a "related account" with a request to "Follow." A true and correct copy of the screenshot of Plaintiff's Instagram page is attached hereto as **Exhibit 5**.

56. When the thumbnail page is clicked, the user is taken to Defendant's Instagram page:



A true and correct copy of the screenshot of Defendant's Instagram page is attached hereto as

**Exhibit 6**.

57. Both Plaintiff and Defendant advertise on social media, *e.g.*, Instagram, targeting the same consumers.

58. On information and belief, Defendant has passed off its business as related to or otherwise affiliated with Plaintiff and Plaintiff's business to take advantage of and capture Plaintiff's customers. In passing off its service and product as emanating from or endorsed by Plaintiff, Defendant subjectively and knowingly intended to confuse buyers.

59. Defendant subjectively and knowingly intended to use Plaintiff's mark or a mark confusingly similar thereto for the purpose of deriving benefit from Plaintiff's established goodwill in San Antonio.

*Actual confusion was immediate*

60. In or around December 2024, Defendant began promoting the opening of a new San Antonio location on its website, www.espinostires.com.

61. The location for Defendant's shop is 3684 Culebra Road, San Antonio, TX 78228.

62. Even before Defendant opened its shop, several of Plaintiff's customers had asked Plaintiff whether Plaintiff was opening up a new location on Culebra Road based, in part, on Defendant's website.

63. Upon information and believe, in February, Defendant opened up its San Antonio location under the confusingly similar mark ESPINO'S TIRES & AUTO CENTER. The letters that Defendant placed on its building spelling out ESPINO'S TIRES & AUTO CENTER are in the same format and color that Plaintiff uses for its building letters that spell out ESPINO TIRE & WHEEL.

64. Defendant has begun aggressive marketing efforts on social media to customers in

the San Antonio and surrounding areas. By way of example, an example of Defendant's marketing ad on Facebook as it appears on or about February 26, 2025, is shown below:



A true and correct copy of the screenshot of Defendant's marketing ad on Facebook is attached

12

hereto as **Exhibit 7**.

65. Plaintiff has already experienced several instances of actual confusion. These include misdirected phone calls and visits by customers requesting warranty work on tire and wheel products purchased at Defendant's location.

66. Following the opening of Defendant's shop, Plaintiff continued experiencing confusion by members of the public asking if Plaintiff was associated or affiliated with Defendant's business.

67. One of Plaintiff's customers purchased a set of wheels from Plaintiff. However, on information and belief, that customer later purchased a set of front tires from Defendant mistakenly believing Defendant was Plaintiff.

68. Since Defendant opened up its San Antonio location, at least one consumer has shown up to Plaintiff's place of business in San Antonio requesting warranty work on goods the consumer contends were purchased from Plaintiff. However, Plaintiff had no record of selling the consumer the goods. Based on information and belief, this consumer purchased goods from Defendant and then mistakenly came to Plaintiff for warranty work on goods sold by Defendant.

69. On or about February 4, 2025, Plaintiff received a negative customer review of Plaintiff's services. Upon closer inspection, the customer review was intended toward Defendant "Espino Tire & Wheel."

70. Even the State of Texas has confused Plaintiff with Defendant. On or about February 4, 2025, Plaintiff received a letter from the Office of the Attorney General of Texas instructing Plaintiff to withhold earnings from one of Plaintiff's employees for support in a family dispute. However, Plaintiff does not employ the employee to which the Office of the Attorney General of Texas refers in the letter. Based on information and belief, the employee is an employee

of Defendant, not Plaintiff.

71. On February 5, 2025, a vendor attempted to deliver an order of tires that was placed by Defendant to Plaintiff at Plaintiff's location.

72. On or about February 2025, one of Plaintiff's vendors called Plaintiff's owner, Reynaldo Espino, Jr., asking what he needed. The vendor was returning a call. Plaintiff had not called the vendor. Plaintiff later was informed that Defendant placed the call to the vendor.

73. Plaintiff received a call from Tire National, a national chain of tires, to discuss a debt that was owed. It was Defendant, not Plaintiff, that owed the debt.

74. Upon information and belief, Defendant has been involved in lawsuits and bankruptcy proceedings, and other negative events, including issues with lenders. Plaintiff does not want to be affiliated with or associated with Defendant.

75. On or about March 6, 2025, a local business reached out to Plaintiff via text asking whether "that new espino shop I see posted related to yall [sic]?"

76. Upon information and belief, a consumer had previously made arrangements with Defendant for the purchase of goods and/or services. On or about March 13, 2025, the consumer visited Plaintiff in San Antonio to finalize the sale. However, through interaction with Plaintiff's employee and a phone call with an employee of Defendant, the consumer realized he was at Plaintiff's business instead of at Defendant's business.

77. Upon information and belief, on April 8, 2025, an employee of Defendant named "Alex" called Plaintiff's vendor stating Defendant was affiliated with Plaintiff.

78. As a result of Defendant's actions, there has been actual confusion as to whether Plaintiff is affiliated or otherwise related to Defendant's business. Such a perceived association is hurting Plaintiff's reputation as the public attributes Defendant's actions to Plaintiff's owner and

Plaintiff's ESPINO TIRE tire and automotive shop. Plaintiff is being damaged by Plaintiff's perceived affiliation to Defendant. Plaintiff has no desire to be associated with Defendant or Defendant's business.

79. Defendant's willful and malicious acts and/or omissions as described above and incorporated by reference herein give rise to the following causes of action:

### COUNT I
### UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN
### UNDER SECTION 43(a) OF THE LANHAM ACT

80. Plaintiff repeats and re-alleges the allegations in paragraphs 1-79 hereinabove.

81. Plaintiff owns and uses its Espino Marks in connection with its tire and automotive services and related products.

82. Plaintiff has enforceable common law trademarks rights in its Espino Marks.

83. Defendant uses the nearly identical ESPINO'S TIRE mark in connection with tire and automotive services and related products in San Antonio, Texas.

84. Defendant's use of ESPINO'S TIRE in San Antonio to provide tire and automotive services and related products is likely to cause confusion, or mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin of Defendant's goods and services.

85. Defendant's use of ESPINO'S TIRE in San Antonio constitutes unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Defendant's use of ESPINO'S TIRE in San Antonio is likely to cause consumers in San Antonio and the surrounding area into mistakenly believing Defendant's goods and services are affiliated, connected, or associated with Plaintiff Espino Tire. Consequently, Defendant's wrongful acts are likely to divert customers away from Plaintiff.

86. Plaintiff's Espino Marks is so associated with its tire and automotive services and related products that the use of the same or similar marks by Defendant constitutes a representation that Defendant's services come from the same source.

87. Defendant was aware of Plaintiff's Espino Marks prior to opening up a location under the ESPINO TIRE name in San Antonio.

88. Defendant was aware the parties' simultaneous use of their respective "Espino" marks in the Valley was causing confusion amongst consumers.

89. Based on information and belief, Defendant opened a location in San Antonio under the ESPINO TIRE mark knowing that it would create confusion with Plaintiff's Espino Marks to divert confused customers from Plaintiff to Defendant.

90. Based on information and belief, Defendant's acts of unfair competition were intentional and willful.

91. Plaintiff has been and is being damaged by such false designation of origin and false descriptions of fact by Defendant and Plaintiff has no adequate remedy at law.

92. Defendant's unlawful conduct will continue to damage Plaintiff unless enjoined by this Court.

## COUNT II
## COMMON LAW TRADEMARK INFRINGEMENT

93. Plaintiff repeats and re-alleges the allegations in paragraphs 1-92 hereinabove.

94. Plaintiff owns common law trademark rights in its Espino Marks in connection with its tire and automotive services provided thereunder. As the prior senior user of the Espino Marks in San Antonio and the surrounding area, Plaintiff has superior rights to those of Defendant, the junior user, to use the Espino Marks in San Antonio and the surrounding areas.

95. Plaintiff offers the highest service quality available and has built a reputation associated with the Espino Marks mark of high-quality service.

96. Defendant's use of the nearly identical ESPINO TIRE mark to provide tire and automotive services and related products in San Antonio and the surrounding areas is likely to cause, and has caused, confusion as to the source of origin of the services in that customers of Plaintiff's services are likely to associate or have associated such services as originating with Defendant, all to the detriment of Plaintiff.

97. Defendant's actions as set forth above constitute common-law trademark infringement and unfair competition under the laws of the State of Texas.

98. Defendant's willful acts of infringement have caused damage to Plaintiff and will continue unless enjoined by this Court.

## DAMAGES

99. Plaintiff repeats and re-alleges the allegations in paragraphs 1-98 hereinabove.

100. Plaintiff has been damaged by the foregoing acts of Defendant in at least the following respects:

   a. Plaintiff has lost, and is continuing to lose, valuable goodwill it has developed in the Espino Marks;

   b. Plaintiff has incurred expenses in counteracting the effect of Defendant's use of the infringing ESPINO TIRE mark;

   c. Defendant's adoption and use of the infringing ESPINO TIRE mark was willful and deliberate and done with the intent to cause confusion or mistake or to deceive;

   d. Defendant has derived illegal profits from its infringing use of the ESPINO TIRE mark;

e.  Unless Defendant is enjoined from the unlawful acts complained of herein, Plaintiff and the public will suffer irreparable harm, for which Plaintiff has no adequate remedy at law.

## JURY DEMAND

Plaintiff hereby demands trial by jury on all issues triable to a jury.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that after hearing the evidence, the Court enter a judgment as follows:

a.  A preliminary and permanent injunction issue restraining Defendant, its agents, servants, employees, successors and assigns and all others in active concert and participation with Defendant, from:

   (1) using the term ESPINO TIRE in connection with tire and automotive services and related products (in San Antonio and the surrounding areas);

   (2) using any derivation or shorthand notation of the term ESPINO TIRE or any similar term or logo in connection with tire and automotive services and related products (in San Antonio and the surrounding areas);

   (3) soliciting any business under the ESPINO TIRE mark (in San Antonio and the surrounding areas);

   (4) unfairly competing with Plaintiff by using names, marks or logos similar to Plaintiff's ESPINO TIRE mark (in San Antonio and the surrounding areas);

   (5) registering the ESPINO TIRE mark in the U.S. Patent and Trademark Office or with any state in the United States as a trademark/service mark;

   (6) creating confusion, mistake or deception as to the affiliation, connection or association between Defendant and Plaintiff;

   (7) creating confusion, mistake or deception as to the source of origin, sponsorship or approval of Defendant's services as those affiliated with Plaintiff;

b.  Defendant be ordered to surrender for destruction all nameplates, labels,

advertisements or other materials that utilize the term ESPINO TIRE thereon (in San Antonio and the surrounding areas);

c.  Defendant be directed to file with this Court and serve upon Plaintiff within thirty (30) days after service of the permanent injunction a report in writing under oath, setting forth in detail the manner and form in which Defendant has complied with the permanent injunction;

d.  Defendant be required to account for and pay over to Plaintiff all gains, profits and advantages derived by Defendant and actual damages suffered by Plaintiff as a result of Defendant's acts complained of herein;

e.  Finding this case is an exceptional case and awarding Plaintiff enhanced damages and attorney's fees because of the willful acts described herein in disregard of Plaintiff's rights;

f.  Defendant be ordered to pay Plaintiff's attorneys' fees, together with costs;

g.  Prejudgment and post judgment interest at the highest rate allowed by law; and

h.  For such other and further relief, at law or in equity, as the Court deems proper under the circumstances.

Dated: June 23, 2025

Respectfully Submitted,

By: /s/ Miguel Villarreal, Jr.
Miguel Villarreal, Jr.
Texas State Bar No. 24042095
mvillarreal@gunn-lee.com
Brandon T. Cook
Texas State Bar No. 24084166
bcook@gunn-lee.com
GUNN, LEE, & CAVE, P.C.
8023 Vantage Dr., Suite 1500
San Antonio, Texas 78230
(210) 886-9500 Telephone
(210) 886-9883 Facsimile

**ATTORNEYS FOR PLAINTIFF**